FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 2 8 2020

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**DAVID DILLARD and NICOLAS WILLIAMS**             **PLAINTIFFS**

vs.                                                       2:19-cv-150-KGB

**INMATE SERVICES CORPORATION**                  **DEFENDANTS**
**and RANDY CAGLE, JR.**

### FIRST AMENDED AND SUBSTITUTED COMPLAINT

COME NOW Plaintiffs David Dillard and Nicholas Williams, by and through their attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint ("Complaint") against Defendants Inmate Services Corporation and Randy Cagle, Jr. (collectively "Defendants"), and in support thereof they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* ("AMWA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees, as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiffs overtime wages and minimum wages as required by the FLSA and the AMWA.

3. Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

4. The purpose of this First Amended and Substituted Complaint is to add Nicholas Williams, who has the same claims as Plaintiff David Dillard, as a Plaintiff. Because their claims are identical, this Complaint will refer to both David Dillard and Nicolas Williams, collectively, as "Plaintiff" where appropriate.

## II.   JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

7. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

8. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

9. The acts and omissions complained of herein were committed and had a principal effect, as described more fully below, within the Jonesboro Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff David Dillard is an individual and resident and domiciliary of Tipton County, Tennessee.

12. Plaintiff Dillard was employed by Defendants as an extradition agent from approximately August of 2019 until September of 2019.

13. Plaintiff Nicolas Williams is an individual and resident and domiciliary of Tipton County, Tennessee.

14. Plaintiff Williams was employed by Defendants as an extradition agent from approximately October of 2019 until January of 2020.

15. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

16. Separate Defendant Inmate Services Corporation is a domestic, for-profit corporation that does business in the State of Arkansas.

17. Inmate Services Corporation's primary business purpose is to provide prisoner transportation, transporting prisoners to jails and prisons across the United States.

18. Inmate Services Corporation's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

19. During each of the three years preceding the filing of this Complaint, Inmate Services Corporation has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

20. Separate Defendant Inmate Services Corporation was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

21. Separate Defendant Inmate Services Corporation has designated The Corporation Company at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas, 72201, to accept service on its behalf as its registered agent.

22. Separate Defendant Randy Cagle, Jr. ("Cagle"), is a citizen and resident of Arkansas.

23. Cagle's principal address is 220 North 6th Street, Suite A, West Memphis, Arkansas 72301.

24. Cagle's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

25. During each of the three years preceding the filing, Cagle had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

26. Cagle was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

27. Cagle, an individual, has operational control and management over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

28. Specifically, Cagle established and communicated the pay policy applicable to Plaintiff and all others similarly situated in this lawsuit.

29. Upon information and believe, revenue from transportation services was merged and managed in a unified manner.

30. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

31. Separate Defendants Inmate Services Corporation and Cagle acted jointly as the employer of Plaintiff and the proposed collective members.

## IV. FACTUAL ALLEGATIONS

29. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

30. Defendants' primary business purpose is to transport inmates for prisons and jails across the country, and it hires individuals known as extradition agents to serve that purpose.

31. Within three years prior to the filing of this Complaint, Defendants hired Plaintiff, among other individuals, to perform transport services across the country.

32. Defendants hired Plaintiff and set his work schedule, including the hours to be worked.

33. Defendants exercised comprehensive control over the employment of its extradition agents, including Plaintiff's employment.

34. Defendants required extradition agents to follow a fixed schedule in performing their duties.

35. Specifically, Defendants often required extradition agents to work up to seven days a week, and up to twenty-four hours each day.

36. In regard to Plaintiff's employment, in particular, he worked seven days a week and approximately twenty-four hours each day for the duration of his employment with Defendants, as a result of a non-stop prisoner transport job.

37. Extradition agents could not refuse to travel to and work on certain assigned projects.

38. Defendants set the pay rate for extradition agents. During the statutory period, Defendants compensated extradition agents, including Plaintiff, by paying them a flat day rate for all hours worked in a single day.

39. Plaintiff and other extradition agents regularly worked over forty (40) hours per week.

40. Plaintiff received the same day rate, usually $175.00, regardless of the number of hours he worked in a day or work week.

41. Defendants did not pay Plaintiff an overtime premium for hours that he worked over forty (40) hours per week.

42. In other words, if any extradition agent worked more than forty (40) hours per week, Defendants' practice was not to pay an overtime premium of one and one half (1.5) times the extradition agents' regular rate for the hours over forty (40).

David Dillard v. Inmate Services Corporation, et al.
U.S.D.C. (E.D. Ark.) No. 2:19-cv-150-KGB
First Amended and Substituted Complaint

43. Additionally, on days in which Plaintiff worked 18.5 or more hours in a day, which occurred throughout the duration of his employment, Plaintiff's hourly wages fell below minimum wage.

44. Defendants knew or should have known that the job duties of Plaintiff required his to work hours in excess of forty (40) per week, yet Defendants failed and refused to properly compensate Plaintiff for her work as required by the FLSA and the AMWA.

45. At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA and the AMWA.

## V.  FIRST CAUSE OF ACTION

### (Individual Claim for FLSA Violation)

46. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

47. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times (1.5) regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

48. During the relevant time period, Defendants unlawfully refrained from paying Plaintiff a proper minimum wage for all hours worked and an overtime premium for hours over forty (40) per week.

49. Defendants' conduct and practice, as described above, has been and is willful, intentional unreasonable arbitrary and in bad faith.

50. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

51. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   SECOND CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

52. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

53. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

54. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA.

55. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

56. Defendants failed to pay Plaintiff a minimum wage and all overtime wages owed, as required under the AMWA.

57.     Despite the entitlement of Plaintiff to payment of a lawful minimum wage and overtime payments under the AMWA, Defendants failed to pay Plaintiff a lawful minimum wage or lawful overtime premium.

58.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

59.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

60.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs David Dillard and Nicholas Williams respectfully pray for declaratory relief and damages as follows:

A.     That Defendants be summoned to appear and answer herein;

B.     That Defendants be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all the monies paid to them;

C.     A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the Arkansas Minimum Wage Act, and their attendant and related regulations;

D. Judgment for damages for all minimum wages and unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*; and the AMWA.

E. Judgment for liquidated damages pursuant to the FLSA, AMWA and attendant regulations, in an amount equal to all unpaid minimum wages and overtime compensation owed to Plaintiff during the applicable statutory period;

F. An order directing Defendants to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

I. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFFS DAVID DILLARD and NICHOLAS WILLIAMS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_/s/ Daniel Ford_
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com